UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
GEOFFREY BEENE, INC.,                            :     07 CIV 9714 (GBD) (AJP)
                                                 :
    Plaintiff,                                    :
                                                 :
    v.                                             :     **ANSWER AND AFFIRMATIVE**
                                                 :                 **DEFENSES**
ALLEGIANCE APPAREL GROUP, LLC,                   :
                                                 :
    Defendant.                                    :
------------------------------------------------------- x

    Defendant Allegiance Apparel Group, LLC ("Allegiance"), by and through its undersigned attorneys, for its answer to the Complaint of Plaintiff Geoffrey Beene, Inc. ("GBI"), dated November 1, 2007 (the "Complaint"), states as follows:

## **PARTIES**

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

    2.    Admits the allegations of Paragraph 2 of the Complaint.

    3.    Admits the allegations of Paragraph 3 of the Complaint.

## **JURISDICTION AND VENUE**

    4.    Paragraph 4 of the Complaint purports to set forth a legal conclusion relating to subject matter jurisdiction to which no response is required. To the extent a response is necessary, Allegiance denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Compliant, except admits that Allegiance is a Connecticut corporation with a principal place of business in Connecticut and GBI seeks damages over $75,000 through the Complaint.

5. Paragraph 5 of the Complaint purports to set forth a legal conclusion relating to personal jurisdiction to which no response is required. To the extent a response is necessary, Allegiances admits the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Amended Complaint purports to set forth a legal conclusion relating to venue to which no response is required. To the extent a response is necessary, Allegiance admits the allegations contained in Paragraph 6 of the Complaint.

## NATURE OF ACTION

7. Denies the allegations of Paragraph 7 of the Complaint and/or denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, except admits that Allegiance and GBI entered into the License Agreement in November 2000, the terms of which speak for themselves, and that, on or about September 19, 2007, GBI sent Allegiance a notice purporting to terminate the License Agreement.

## BACKGROUND

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

### The License Agreement

9. Admits the allegations of Paragraph 9 of the Complaint and that Exhibit 1 appears to be a true and accurate copy of the License Agreement.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Allegiance admits that the terms of the License Agreement speak for themselves, and denies knowledge or information sufficient to form a belief as to the legal conclusion(s) to be drawn therefrom.

12.     Allegiance admits that the terms of the License Agreement speak for themselves, and denies knowledge or information sufficient to form a belief as to the legal conclusion(s) to be drawn therefrom.

### The 2001-2002 and 2007 Audits of Allegiance

13.     Denies the allegations of Paragraph 13 of the Complaint, except admits that GBI conducted an audit for the 2001 and 2002 Annual Periods and GBI claimed a royalty shortfall in the amount of $477,096 as a result of the audit.

14.     Admits the allegations of Paragraph 14 of the Complaint and admits that Exhibit 2 appears to be a true and accurate copy of Amendment One.

15.     Admits the allegations of Paragraph 15 of the Complaint.

16.     Admits that the terms of Amendment One speak for themselves, and denies knowledge or information sufficient to form a belief as to the legal conclusion(s) to be drawn therefrom.

17.     Admits the allegations of Paragraph 17 of the Complaint and admits that Exhibit 3 appears to be a true and accurate copy of Amendment Two.

18.     Admits the allegations of Paragraph 18 of the Complaint.

19.     Admits the allegations of Paragraph 19 of the Complaint.

20.     Denies the allegations of Paragraph 20 of the Complaint, except admits that Amendment Two provided that "[a]ll national advertising dollars not utilized for 2006 will be utilized for spring 2007."

21.     Admits the allegations of Paragraph 21 of the Complaint.

22.     Denies the allegations of Paragraph 22 of the Complaint, except admits that on or about August 8, 2007, Eisikovic & Kane, LLP, an accounting firm, sent Alan Rummelsburg a

letter stating its belief that Allegiance owed GBI $524,015.33 under the License Agreement, and admits that Exhibit 4 appears to be a true and accurate copy of the 2007 Audit Letter.

23. Admits the allegations of Paragraph 23 of the Complaint, and admits that Exhibit 5 appears to be a true and accurate copy of the August 20, 2007 Letter.

24. Denies the allegations of Paragraph 24 of the Complaint, except admits that on or about GBI sent Allegiance a purported notice of default under the License Agreement, and admits that Exhibit 6 appears to be a true and accurate copy of the purported Notice of Default.

25. Denies the allegations of Paragraph 25 of the Complaint, except admits that the contents of the of Notice of Default speak for themselves.

26. Denies the allegations of Paragraph 25 of the Complaint, except admits that the contents of the of Notice of Default speak for themselves.

27. Denies the allegations of Paragraph 27 of the Complaint.

28. Denies the allegations of Paragraph 28 of the Complaint, except admits that on or about September 19, 2007, GBI sent Allegiance a notice purporting to terminate the License Agreement, and admits that Exhibit 7 appears to be a true and accurate copy of the Termination Letter.

## FIRST CAUSE OF ACTION
### (Breach of Contract For $780,265.33 Plus Interest)

29. In response to the allegations of Paragraph 29 of the Complaint, Allegiance repeats and realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

30. Denies the allegations of Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint purports to set forth a legal conclusion for which no response is required.  To the extent a response is necessary, Allegiance denies the allegations of Paragraph 31 of the Complaint.

32.     Admits the allegations of Paragraph 32 of the Complaint.

33.     Denies the allegations of Paragraph 33 of the Complaint.

34.     Denies the allegations of Paragraph 34 of the Complaint.

35.     Denies the allegations of Paragraph 35 of the Complaint.

36.     Denies the allegations of Paragraph 36 of the Complaint.

37.     Denies the allegations of Paragraph 37 of the Complaint, except admits that the terms of the License Agreement speak for themselves, and that, on or about August 8, 2007, Eisikovic & Kane, LLP, an accounting firm, sent Alan Rummelsburg a letter stating its belief that Allegiance owed GBI certain interest payments pursuant to paragraph 11(a) of the License Agreement.

38.     Denies the allegations of Paragraph 38 of the Complaint, except admits that on or about August 8, 2007, Eisikovic & Kane, LLP, an accounting firm, sent Alan Rummelsburg a letter stating its belief that Allegiance owed GBI $3,240.66 in unpaid interest under the License Agreement, which sum consisted of $1,865.84, for 2003, $346.89 for 2004, $245.25 for 2005, and $774.66 for 2006.

39.     Paragraph 39 of the Complaint purports to set forth a legal conclusion for which no response is required.  To the extent a response is necessary, Allegiance denies the allegations contained in Paragraph 39 of the Complaint, except admits that the terms of the License Agreement speak for themselves.

40.     Denies the allegations of Paragraph 40 of the Complaint.

41. Denies the allegations of Paragraph 41 of the Complaint, except admits that on or about August 8, 2007, Eisikovic & Kane, LLP, an accounting firm, sent Alan Rummelsburg a letter stating its belief that Allegiance owed GBI $524,015.33 as a result of purported advertising payments not made through the year 2006 and related audit examinations costs.

42. Denies the allegations of Paragraph 42 of the Complaint, except admits that the terms of the Standard Terms and Conditions speak for themselves and denies knowledge or information sufficient to form a belief as to the legal conclusion(s) to be drawn therefrom.

43. Denies the allegations of Paragraph 43 of the Complaint.

44. Denies the allegations of Paragraph 44 of the Complaint.

## SECOND CAUSE OF ACTION
### (Breach of Contract For Attorneys' Fees, Costs and Expense)

45. In response to the allegations of Paragraph 45 of the Complaint, Allegiance repeats and realleges its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

46. Denies the allegations of Paragraph 46 of the Complaint, except admits that the Standard Terms and Conditions speak for themselves and denies knowledge or information sufficient to form a belief as to the legal conclusion(s) to be drawn therefrom.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

## RELIEF SOUGHT

1. Paragraph 1 of the Relief Sought purports to set forth a legal conclusion for which no response is required. To the extent a response is necessary, Allegiance denies the allegations contained in Paragraph 1 of the Relief Sought.

2. Paragraph 2 of the Relief Sought purports to set forth a legal conclusion for which no response is required. To the extent a response is necessary, Allegiance denies that GBI is entitled to any of the relief or remedies listed in Paragraph 2 of the Relief Sought.

3. Denies that GBI is entitled to any of the relief or remedies listed in Paragraph 3 of the Relief Sought.

4. Denies that GBI is entitled to any of the relief or remedies listed in Paragraph 4 of the Relief Sought.

## DEMAND FOR JURY TRIAL

Requires no response.

## ALLEGIANCE'S AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses to GBI's claims contained in the Complaint, Allegiance does not concede that the assertion of any such defense imposes any burden of proof on Allegiance with respect thereto. Allegiance reserves the right to supplement, amend or delete any or all of the following affirmative defenses prior to any trial of this action.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of mutual mistake and/or unilateral mistake.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, promissory estoppel and estoppel by acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of pari delicto.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the course of dealings between the parties.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by GBI's failure to mitigate its alleged damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of economic duress and/or business compulsion.

Dated: December 10, 2007
New York, New York

                                         /s/ Paul B. Carberry
                                         Paul B. Carberry (PC-0339)
                                         Joshua Dick  (JD-5754)

                                         WHITE & CASE LLP
                                         1155 Avenue of the Americas
                                         New York, New York 10036-2787

                                         Attorneys for Defendant Allegiance
                                         Apparel Group, LLC.