UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
GEOFFREY BEENE, INC.          :
    Plaintiff,                :
                              :
    v.                        :   07 Civ 9714 (GBD)
                              :
ALLEGIANCE APPAREL GROUP, LLC. :
    Defendant.                :
--------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all parties, by their attorneys, agree that all discovery and other materials exchanged by the parties, non-parties or filed with the Court in the above-captioned action shall be provided subject to the following conditions:

1. Any party or non-party may designate as "Protected Information" all or any part of any discovery and other materials exchanged by the parties or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, answers to deposition questions, and responses to requests for admission, which contain (a) confidential, competitively sensitive, proprietary, financial, patent, trademark, copyright, trade secret, marketing, customer, research, or product development information used in or relating to such party's business that is believed to be unknown and unavailable to the public and the disclosure of which will likely have a negative impact on the party's business and (b) any other document or thing containing other information of such a nature as to be protectable under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

2.  This Protective Order establishes two categories of Protected Information. Information in category one is referred to as "Outside Counsel Only Confidential Information." Information in category two is referred to as "Confidential Information."

3.  Only information that concerns the producing party's trade secret information, its ongoing business plans, its future business plans, its future products, or other information of which the producing party has a good-faith basis to believe deserves a higher level of protection, shall be categorized as "Outside Counsel Only Confidential Information." All other Protected Information shall be categorized as "Confidential Information."

4.  Any document or other tangible thing that contains or reveals Protected Information shall be labeled with the legend "CONFIDENTIAL INFORMATION OUTSIDE COUNSEL ONLY - UNDER PROTECTIVE ORDER" (for category one information) or the legend "CONFIDENTIAL INFORMATION - UNDER PROTECTIVE ORDER" (for category two information) or markings of like import. For a document, such marking shall appear on each page of the document that contains Protected Information. Any document or other tangible thing so labeled and the information it contains or reveals shall be treated in accordance with the provisions of this protective order. Any Protected Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by the party by serving a written notification on the receiving party. In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, information contained therein may be designated as Protected Information by prominently marking such "OUTSIDE COUNSEL ONLY CONFIDENTIAL INFORMATION" paper with the legend or "CONFIDENTIAL INFORMATION" or a marking of like import. Notwithstanding such designations, Protected Information does not include information obtained independent of any party to this litigation as to which no obligation of confidentiality applies.

The designation of deposition transcripts shall be governed by the procedures set forth in Paragraph 12.

5. When a party produces documents for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing category one OUTSIDE COUNSEL ONLY CONFIDENTIAL INFORMATION. After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents before they are provided to the receiving party.

6. Protected Information shall be revealed only to Qualified Persons (defined in Paragraph 7 below), their clerical, support and secretarial staffs, paralegals, and assistants and used only for preparation and trial of this action (including appeals).

7. Protected Information may be disclosed only to the following Qualified Persons:

    (i) Outside counsel of record in Civil Action No. 07-CV-9714 and their members and associate attorneys, paralegals and staff (collectively, "Outside Counsel");

    (ii) Subject to Paragraphs 8 and 9 below, experts and third party technical service contractors who are not presently employees of either party, or of any predecessor, parent or related company of either party, who are requested by Outside Counsel of the receiving party to furnish technical or expert services in connection with this litigation.

    (iii) Third party contractors involved solely in providing litigation support services to Outside Counsel, including but not limited to non-technical jury or trial consultants.

    (iv) The Court and its personnel.

    (v) An officer before whom a deposition is taken, including any stenographic reporter.

    (vi) Third party administrative support staff.

    (vii) Any other person agreed to by the parties or allowed by the Court.

  8. Before any disclosure of Protected Information of the producing party is made to an individual pursuant to Paragraphs 7 (ii), (iii) and (vii), Outside Counsel for the receiving party shall: provide the individual with a copy of this Order; explain its terms; and obtain from the individual a declaration in the form of Attachment A hereto, to comply with and be bound by its terms. A copy of each declaration in the form of Attachment A shall be provided to the producing party within ten (10) business days after execution.

  9. No Protected Information shall be shown to an expert or third party technical service contractor pursuant to Paragraph 7(ii) until ten (10) days after the receiving party identifies in writing the individual to the producing party and provides the producing party with an executed Attachment A and a curriculum vitae. If the producing party, within ten (10) days of its receipt of written notice and an executed Attachment A, objects to such individual having access to any Protected Information, the individual shall be barred from such access for a thirty (30) day period commencing with the receipt by the producing party of a copy of the executed Attachment A. Within that thirty (30) day period, the parties shall meet and confer to resolve any such objections. If within that thirty (30) day period (i) the parties are unable to resolve their differences and (ii) the opposing party moves for a further protective order, then the Protected Information shall not be provided to said individual except by further order of the Court.

10. All discovery and other materials exchanged by the parties shall be used only in connection with this litigation (including appeals) and shall not be used for any other purpose.

11. Confidential Information, but not Outside Counsel Only Confidential Information, may be made available to three representatives for each named party to this action to be designated in writing (the "Designated Representatives").

Before disclosure of any Confidential Information to a Designated Representative, Outside Counsel for the receiving party shall: provide the Designated Representative with a copy of this Order; explain its terms; and obtain from the Designated Representative a declaration in the form of Attachment A hereto, to comply with and be bound by its terms.

12. In connection with the taking of deposition in this action:

(a) Testimony or information disclosed at a deposition may be designated by a party as Protected Information by indicating on the record at the deposition the specific testimony which contains Protected Information that is to be made subject to the provisions of this Order and shall be treated as such.

Alternatively, a party may designate testimony or information disclosed at a deposition as Protected Information by notifying the other parties, in writing, within forty-five (45) days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated as Protected Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control.

Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential Information from the taking of the deposition until forty-five (45)

00520794.DOC

days after receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

(b) Only Qualified Persons, the deponent, and the court reporter shall be allowed to attend or have access to any portion of a deposition in which OUTSIDE COUNSEL ONLY CONFIDENTIAL INFORMATION is used or elicited from a deponent. In addition, the Designated Representatives may attend or have access to any portion of a deposition in which Confidential Information is used or elicited from the deponent.

(c) If a party designates information as Protected Information on the record at a deposition, the court reporter, to the extent possible, shall segregate into separate transcripts information designated as Protected Information from information not so designated. The page numbers of the separate transcripts shall be consecutive so as to permit the pages to be merged into a complete transcript at the time of trial or as the Court may direct.

13. Nothing in this Order shall bar or otherwise restrict any Outside Counsel herein from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Protected Information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Protected Information to any person not entitled to have access to it.

14. (a) The good faith designation by counsel of Protected Information shall, without further proof, entitle such material to the protection of this Stipulated Confidentiality Protective Order. If such designation is questioned by any other party, then this Stipulated Confidentiality Protective Order shall be without prejudice to the right of either party to bring before the Court the question of whether same is or is not of a confidential nature as defined in Paragraphs 1 and 3 above.

(b)  Inadvertent disclosure of Protected Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed, if called to the attention of trial counsel for the receiving party promptly.

15. (a)  All material filed with a court, which has previously been designated by a party as comprising or containing Protected Information, shall be filed in securely sealed envelopes and endorsed with the caption of the litigation; the words "CONFIDENTIAL MATERIAL" and "RESTRICTED ACCESS PURSUANT TO COURT ORDER" as an indication of the nature of the contents; and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court or consent of the parties."

(b)  The Clerk of the Court is directed to maintain under seal all materials filed in this Court in this litigation which have been marked or designated, in whole or in part, "Confidential Material" in accordance with Paragraph 15(a) of this Order.

(c)  Copies of any Protected Information filed with the court prior to trial or received in evidence at trial of this action, and any other materials falling within the terms of this Order which are so designated at trial or at time of filing, shall be kept by the Clerk of the Court, until further order of the Court.

16.  A party that files material with a court under seal in accordance with the provisions of Paragraph 15 of the Stipulated Confidentiality Protective Order shall also file a public version of all such material from which all Protected Information shall be redacted.

17. If the receiving party disagrees with the confidential status of any document or other material, the receiving party may, after holding a meeting with the designating party, make a request of the Court for an order removing it from the restrictions of the Stipulated Confidentiality Protective Order.

18. In the event that a party seeks discovery from a non-party to this suit, the non-party may invoke the terms of this Stipulated Confidentiality Protective Order with respect to any Protected Information provided to the parties by the non-party by so advising all parties to this suit in writing.

19. Within sixty (60) days of termination of this litigation, including any and all appeals therefrom, attorneys for the receiving party shall destroy all Protected Information received hereunder. All copies of Protected Information received by others hereunder shall also be destroyed. Notwithstanding the foregoing, Outside Counsel for the receiving party may retain a copy of Protected Information of a producing party, to the extent reflected or contained in such Outside Counsel's work product or in materials filed with the Court. Outside Counsel, however, may retain such materials for their own reference and may not use them for any other purpose or disclose them to any other person.

20. Prompt written notice shall be given to any party who produced Protected Information hereunder, in the event that party's Protected Information is sought by any person not a party to this litigation, by subpoena in another action or by service with any legal process or order. Such notice shall include a copy of such subpoena, legal process or order. Any persons seeking such Protected Information who take action to enforce such subpoena or other legal process shall be apprised of this Stipulated Confidentiality Protective Order. Nothing herein shall be construed as requiring anyone covered by this Stipulated Confidentiality Protective Order to contest a subpoena or other process, to appeal any order requiring production of

Protected Information covered by this Protective Order or to subject itself to penalties for non-compliance with any legal process or order.

21. In the event that Protected Information designated by the producing party in accordance with Paragraphs 1 and 3, above, is disclosed by the receiving party to any person other than the Qualified Persons defined in Paragraph 7, above, in the case of Outside Counsel Only Information or to any person other than Paragraph 7 Qualified Persons or Paragraph 11 Designated Representatives, in the case of Confidential Information, or is disclosed in any manner or for any purpose inconsistent with the terms of this Order, the party responsible for the disclosure, within five (5) days of Outside Counsel's awareness of such disclosure, must bring all pertinent facts relating to such disclosure to the attention of Outside Counsel for the producing party, use its best efforts to cause such person to sign the declaration in the form attached hereto as Attachment B, seek the immediate return of any written materials designated as Protected Information pursuant to this Order, and without prejudice to the rights and remedies of the producing party, make every reasonable effort to prevent further disclosure of it and prevent further disclosure by each person who was the eventual recipient of the Protected Information, use its best efforts to cause those additional eventual recipients of the Protected Information to sign the agreement in the form attached hereto as Attachment B and seek the immediate return of any written materials designated as Protected Information pursuant to this Order.

22. Inadvertent production of documents or information subject to the attorney client privilege or work product immunity shall not constitute a waiver of such privilege. After receiving notice from the producing party that documents or information subject to the attorney client privilege or work product immunity have been inadvertently produced, the receiving party shall not review, copy or disseminate such documents or information. The receiving party shall return such documents or information and any copies to the producing party immediately.

23. The foregoing is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery.

24. Nothing in this protective order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

25. Nothing in this protective order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information.

26. Protected Information shall be used solely for the purpose of this action (including appeals). No party or person shall make any other use of any such Protected Information, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding not related to the claims that are a part of this action, except as permitted by order of the Court. Nothing in this Protective Order, however, shall preclude a party from using in the regular course of its business any document, tangible thing or other information which it has received or hereafter receives other than through discovery in this action. This provision shall not mean that any such use by a party in the regular course of its business is, or is not otherwise lawful or permissible. This provision or any other portion of this Protective Order shall not be admissible at trial to prove any use of Protected Information is, or is not, lawful or permissible.

27.  Nothing in this protective order shall prevent disclosure of Protected Information if the designating party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

SO ORDERED this 29 day of February 2008.

FEB 29 2008

_____
GEORGE B. DANIELS
United States District Judge
HON. GEORGE B. DANIELS

We hereby stipulate to the entry of the foregoing Protective Order.

| | |
|---|---|
| _____ | _____ |
| William S. Frommer (WF-6009) | Paul B. Carberry (PC-0339) |
| James K. Stronski (JS-4883) | Joshua Dick (JD-5754) |
| Frommer Lawrence & Haug LLP | White & Case LLP |
| 745 Fifth Avenue | 1155 Avenue of Americas |
| New York, New York 10151 | New York, New York 10036 |
| (212) 588 0800 | (212) 819 8200 |
| Attorneys for Plaintiff | Attorneys for Defendant |

00520794.DOC